IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICIA McGOWAN )<br>        Plaintiff, )<br>)<br>v. )<br>)<br>BOROUGH OF ECONOMY and CHAD )<br>LIVELY, POLICE OFFICER, Borough of )<br>Economy Police Department, )<br>        Defendants. ) | Civil Action No. 06-00932<br>Judge Nora Barry Fischer |

## MEMORANDUM OPINION

Plaintiff Patricia McGowan (hereinafter, "McGowan" or "Plaintiff") filed the instant civil action against Defendants the Borough of Economy (hereinafter, "Economy") and Borough of Economy Police Officer Chad Lively (hereinafter, "Officer Lively"), alleging, among other things, constitutional abuse of process and conspiracy.[1] Presently pending before the Court for consideration is Defendants' Motion for Summary Judgment [DE 39].

## FACTS

By way of background, a minor traffic accident in Beaver County on the morning of June 22, 2005 acted as a catalyst that launched a series of events culminating in the filing of this lawsuit.[2]

---

[1] Although Plaintiff's Second Amended Complaint seemingly raises claims on a number of other grounds, Plaintiff, in her Opposition to Defendants' Motion for Summary Judgment, clarifies that the sole basis for the claims raised in the Second Amended Complaint are a violation of her procedural due process rights by an abuse of process and conspiracy to violate her procedural due process rights. (Docket No. 44 at ¶1) (Plaintiff's Opposition to Defendants' Motion for Summary Judgment); see also (Docket No. 44 at ¶3) (noting that Plaintiff's claims against Defendants Economy and Officer Lively "solely concern a claim of constitutional abuse of process" and conspiracy). Accordingly, the instant Memorandum Opinion will address Plaintiff's Second Amended Complaint only as to said claims.

[2] The facts are taken from Defendants' Concise Statement of Material Facts and Plaintiff's

1

On the date and time aforesaid, the vehicle belonging to and being operated by McGowan and a vehicle being operated by an individual named Robert Jablonowski[3] collided at the intersection of Ridge Road Extension and Conway Wallrose Road in the Borough of Economy, Beaver County, Pennsylvania. Economy Borough Police were dispatched to the scene, the responding officer being Defendant Officer Lively. Officer Lively briefly interviewed McGowan regarding the accident, concluding by telling her that it was a non-reportable accident and that McGowan was free to leave. Officer Lively interviewed Jablonowski during the course of which a discussion ensued that pertained to the effect the accident would have on Jablonowski's automobile insurance rates. Officer Lively responded by explaining that he could issue a citation to McGowan, thereby identifying her to be the "at-fault" driver and, presumptively, preventing or limiting any increase in Jablonowski's insurance rates. Officer Lively further advised Jablonowski that if he were to issue the citation to McGowan, Jablonowski would be required to appear and be prepared to testify at any hearings held should McGowan challenge the citation. Jablonowski indicated to Officer Lively that he would be willing to do so. Either that same day or the following day, Officer Lively issued a citation to McGowan charging her with the summary criminal offense of careless driving. As a result of receiving the citation in the mail, McGowan wrote and mailed a letter to Borough of Economy Police Chief William Harrington complaining of unfair treatment by Officer Lively.

McGowan challenged the citation and a hearing was held on July 12, 2005 before a

---

Concise Statement of Facts and are presented here without citation. Where facts are in dispute, they are construed in the light most favorable to the Plaintiff, as the non-moving party.

[3]

Robert Jablonowski is not a party to this lawsuit, although he does play a significant role in the events giving rise to Plaintiff's claims.

magistrate, at which Jablonowski appeared and testified. McGowan was convicted of the summary offense of careless driving at the hearing. That same day, Chief Harrington wrote and mailed a reply letter to McGowan advising her that after an investigation of the incident which was addressed in her letter, he concluded that Officer Lively acted in an impartial manner. McGowan appealed the careless driving conviction to the Court of Common Pleas of Beaver County. A hearing was held on the appeal before a Common Pleas Judge on October 5, 2005, during which, again, Jablonowski appeared and testified. A judgment of acquittal or dismissal of the criminal prosecution was entered by the Judge in McGowan's favor after the prosecution rested its case at the appeal hearing.

McGowan again wrote and mailed a letter to Chief Harrington on October 13, 2005, reiterating her complaints about Officer Lively. McGowan never received a response to this letter.

## PROCEDURAL HISTORY

On July 14, 2006, Plaintiff commenced the instant action by filing a Complaint and Jury Trial Demand, naming as defendants the Borough of Economy, Officer Chad Lively, and the Borough of Economy Police Department and alleging four counts: (1) violation of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983 against Defendant Economy; (2) violation of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983 against Defendant Officer Lively; (3) malicious prosecution against Defendant Officer Lively; and (4) conspiracy against all Defendants. (Docket No. 1). On July 27, 2006, Plaintiff amended her Complaint, filing another Complaint and Jury Trial Demand.[4] On October 18, 2006, upon

---

[4] For purposes of clarification, the Court notes that Plaintiff entitled her amended Complaint as "Complaint and Jury Trial Demand," (*see* Docket No. 4), whereas the appropriate title would have been either "Amended Complaint and Jury Trial Demand" or "First Amended Complaint and Jury Trial Demand."

consideration of Defendants' Motion to Dismiss Pursuant to F.R.C.P. 8, 12(b)(6) and (e), (Docket No. 5), Judge Thomas M. Hardiman granted with prejudice Defendants' motion as to Defendant Borough of Economy Police Department and granted without prejudice Defendants' motion as to Defendants Economy and Officer Lively but allowing leave to amend as to the latter Defendants. (Docket No. 23). On November 1, 2006, Plaintiff filed a Second Amended Complaint and Jury Trial Demand against Defendants Economy and Officer Lively asserting the same claims save malicious prosecution.[5] The matter then proceeded through the ADR process and mediation before former Magistrate Judge Benson, but those efforts proved to be unavailing. On January 12, 2007, Defendants filed Defendants' Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint. (Docket No. 33).

On August 8, 2007, Defendants filed the instant motion, along with a Brief in Support, Defendants' Concise Statement of Material Facts in Support of Defendants' Rule 12 Motion to be Treated as a Rule 56 Motion, and an Appendix of Exhibits. (Docket Nos. 40-42). On August 9, 2007, Defendants filed a Supplemental Brief in Support, (Docket No. 43), addressing Plaintiff's claim for punitive damages. On September 9, 2007, Plaintiff filed Plaintiff's Opposition to Defendants' Motion for Summary Judgment, Plaintiff's Memorandum of Points and Authorities in Opposition to Defendants' Motion for Summary Judgment, Plaintiff's Concise Statement of Facts in Opposition to Defendants' Motion for Summary Judgment, and Plaintiff's Exhibits in Opposition to Defendants' Motion for Summary Judgment. (Docket Nos. 45-48).[6] On September 19, 2007,

---

[5] On April 6, 2007, the instant matter was reassigned to the undersigned Judge.

[6] The Court notes that Plaintiff originally filed the entirety of her responsive documents together at Docket No. 44, but subsequently re-filed the same individually at Docket Nos. 45-48.

Defendants filed Defendants' Reply Brief in Support of Motion for Summary Judgment. With no further entries filed, the instant motion is now ripe for disposition.

**STANDARD**

Summary judgment may only be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Pursuant to Rule 56, the Court must enter summary judgment against the party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In evaluating the evidence, the Court must interpret facts in the light most favorable to the non-moving party, and draw all reasonable inferences in his or her favor. *Watson v. Abington Twp.*, 478 F.3d 144, 147 (3d Cir. 2007). Initially, the burden is on the moving party to demonstrate that the evidence in the record creates no genuine issue of material fact. *Conoshenti v. Public Serv. Elec. & Gas Co.*, 364 F.3d 135, 140 (3d Cir. 2004). The dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *McGreevy v. Stroup*, 413 F.3d 359, 363 (3d Cir. 2005). While the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the admissible evidence in the record would be insufficient to carry the non-movant's burden of proof at trial. *Celotex*, 477 U.S. at 322-323. Once the moving party satisfies its burden, the burden shifts to the non-moving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial. *Id.* at 324.

The non-moving party "cannot simply reassert factually unsupported allegations contained in its pleadings." *Williams v. Borough of West Chester*, 891 F.2d 458, 460 (3d Cir. 1989).

## ANALYSIS

1.  Section 1983 claim against Officer Lively[7]

The threshold inquiry in assessing a claim brought under 42 U.S.C. § 1983 is determining what constitutionally protected right is being infringed, or, to put it another way, whether a constitutionally protected right has been violated at all. *See Baker v. McCollan*, 443 U.S. 137, 140 (1979). "Accordingly, there can be no cause of action under § 1983 absent violation of a right secured by the Constitution or the laws of the United States." *Reichley v. Pennsylvania Dept. Of Agriculture*, 427 F.3d 236, 244 (3d Cir. 2005) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). Additionally, "there is no liability under § 1983 for those not acting under color of law." *Groman v. Township of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995) (citing *Versarge v. Township of Clinton, N.J.*, 984 F.2d 1359, 1363 (3d Cir. 1993)).

Plaintiff bases her 1983 claims on an alleged violation of her procedural due process rights under the Fourteenth Amendment by an alleged abuse of process by Defendants Economy and Officer Lively. There is neither any question nor any doubt that Defendants were acting "under color of law" in carrying out the acts underlying Plaintiff's claims. Initially then, the Court must determine whether Plaintiff's claims are cognizable as a violation of a constitutional right.

---

[7] The Defendants analyze Plaintiff's Count II against Officer Lively under two theories, arguing independent reasons for dismissal: (1) due process, and (2) false arrest under the Fourth Amendment. Because Plaintiff makes no reference to the Fourth Amendment either in her Second Amended Complaint and Jury Trial Demand or her responsive documents to the instant motion, the Court declines to consider Plaintiff's claim at Count II under the latter theory.

From a general perspective, "[i]t is elementary that procedural due process is implicated only where someone has claimed that there has been a ... deprivation of a legally protected liberty or property interest." *Abbott v. Latshaw*, 164 F.3d 141, 146 (3d Cir. 1998) (citing *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972)). However, the issuance of a traffic citation and the decision to proceed with the prosecution as to the same is not, standing alone, violative of any recognized constitutional right. *See Bell v. Brennan*, 570 F.Supp. 1116, 1119 (E.D. Pa. 1983) ("Plaintiff ... received a traffic citation, requested and received a hearing at which she was allowed to defend herself and eventually was released from the charges. These facts do not, without more, arise to the level of a constitutional violation").[8] What is more, the prosecution and appeal received by Plaintiff represent the process afforded to individuals by the Constitution. Thus, for the sake of argument, whatever deprivations of liberty suffered by Plaintiff (according to her) and guaranteed by the Constitution arising out of the issuance of the citation and the prosecution of the summary offense were given proper due process. Finally, to the extent Plaintiff claims a violation of her procedural due process rights as a result of having to participate in the proceedings, the Supreme Court has held that there is no liberty interest under the due process clause to be free from criminal prosecution itself. *See Albright v. Oliver*, 510 U.S. 266, 271-72 (1994).

More specifically to facts at issue here, "[a] § 1983 claim for malicious abuse of process lies where prosecution is initiated legitimately and thereafter is used for a purpose other than that intended by the law." *Williams v. Fedor*, 69 F.Supp.2d 649, 673 (M.D. Pa. 1999), *aff'd mem.*, 211 F.3d 1263 (3d Cir. 2000). "The gravamen of that tort is not the wrongfulness of the prosecution, but

---

[8] Furthermore, the Court notes that the successful appeal of the careless driving offense vindicated Plaintiff, thus ameliorating any damage to her reputation.

some extortionate perversion of lawfully initiated process to illegitimate ends." *Heck v. Humphrey*, 512 U.S. 477, 486 n.5 (1994). "If prosecution or process is initiated without probable cause and with a bad motive, malicious use of process lies. If prosecution is initiated legitimately and thereafter is used for a purpose other than that intended by the law, malicious abuse of process lies." *Jennings v. Shuman*, 567 F.2d 1213, 1217 (3d Cir. 1977). " '[T]here is no action for abuse of process when the process is used for the purpose for which it is intended, but there is an incidental motive of spite or an ulterior purpose of benefit to the defendant ... .' " *Rosen v. Am. Bank of Rolla*, 627 A.2d 190, 192 (Pa. 1993) (quoting Restatement (Second) of Torts § 682 cmt. b (1977)).

Plaintiff's claim for abuse of process arises from her allegation that Lively had a discussion with Jablonowski regarding the possibility of his insurance rates increasing and Jablonowski's willingness to appear and testify at any hearings arising from Plaintiff's challenging the charge prior to the issuance of the citation. Thus, Plaintiff contends, under her version of the facts, the legitimacy of the process was compromised prior to its initiation. It is also worth noting that an abuse of process claim typically, if not exclusively, arises when the abuse of process is designed to achieve an end that would inure to the benefit of the defendant. *See Shiner v. Moriarty*, 706 A.2d 1228, 1236 (Pa.Super. 1998). Plaintiff's claim, however, is that Officer Lively, without any expectation of reciprocal benefit, sought to abuse the process in an attempt to benefit a third party and Plaintiff offers no evidence that Officer Lively benefitted therefrom or that he even knew the third party outside of the context of the accident he investigated. Plaintiff's claim, thus, is more accurately characterized as abuse of process by proxy. The Court finds this claim to be untenable. Finally, as Officer Lively had merely carried out the process to its legitimate conclusion, there can be no liability. *See Di Sante v. Russ Financial Co.*, 380 A.2d 439, 441 (Pa. Super. 1977) ("[T]here is no

liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions.")(quoting Prosser, Torts § 100, at 669 (2d ed. 1955)). Accordingly, Plaintiff's claim under § 1983 against Officer Lively that her procedural due process rights under the Fourteenth Amendment were violated by an abuse of process fails.

2. Qualified Immunity

"[T]he qualified-immunity defense 'shields government agents from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.' " *Behrens v. Pelletier*, 516 U.S. 299, 305 (1996) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (citing *Procunier v. Navarette*, 434 U.S. 555, 565 (1978)) (internal brackets omitted). In determining whether summary judgment is appropriate as to any claim on the basis of qualified immunity, the Court conducts a two-step inquiry. *See Saucier v. Katz*, 533 U.S. 194, 207 (2001). "First, [the Court] ask[s] whether a reasonable jury could conclude that the victim's constitutional rights were violated by the defendant. Second, [the Court] ask[s] whether a reasonable officer in the defendant's position would have been aware that his conduct violated the victim's constitutional rights. More specifically, the second question requires [the Court] to ask whether the right defendant stands accused of violating was 'clearly established' at the time of the incident in question. If the answer to either question is no, then the defendant is entitled to [qualified immunity]." *Estate of Smith v. Marasco*, 430 F.3d 140, 148 n.3 (3d Cir. 2005).

Applying this standard to the facts before the Court, it is clear that Officer Lively is entitled to qualified immunity against Plaintiff's claims. First, it would "shock the conscience" of the Court if, under these circumstances, a jury would find that Plaintiff's constitutional rights were violated

by Officer Lively. Such a finding would be *per se* unreasonable, and thus, the initial inquiry under the above test is resolved in Officer Lively's favor. Second, it is beyond peradventure that a reasonable officer in the same position as Officer Lively would consider issuing a careless driving citation to a driver based on an assessment of the evidence at the scene of the accident and the statement of the other driver involved, and the further decision to follow through with the prosecution of the summary offense, to be a violation of a constitutional right. Additionally, the right to be free from receiving traffic citations or their prosecution is not "clearly established" by the Constitution.

3. *Monell* claim against Defendant Economy

Defendants request summary judgment as to Plaintiff's *Monell* claim against Defendant Economy because "[t]here is no evidence of record to support that there was within the Borough of Economy Police Department a municipal policy or custom that was the moving force behind the alleged violation of Plaintiff's due process rights." (Docket No. 39 at 2).

Plaintiff's *Monell* claim against Defendant Economy is destined to a similar fate as her abuse of process claim against Officer Lively. Plaintiff's § 1983 claims of violation of her procedural due process rights under the Fourteenth Amendment by an abuse of process against Economy could only succeed if Plaintiff could show that a policy or custom attributable to the municipality caused a particular constitutional violation. *Monell v. Department of Social Services*, 436 U.S. 658, 692-94 (1978). "[I]t is plain that municipal liability may be imposed for a single decision by municipal policymakers under appropriate circumstances." *Pembaur v. City of Cincinnati*, 479 U.S. 469, 470 (1986). "Furthermore, a municipality's failure to train police officers only gives rise to a constitutional violation when that failure amounts to deliberate indifference to the rights of persons

with whom the police come into contact." *Montgomery v. De Simone*, 159 F.3d 120, 126-127 (3d Cir. 1998) (citing *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989)). "[A] failure to train, discipline or control can only form the basis for § 1983 municipal liability if the plaintiff can show both contemporaneous knowledge of the offending incident or knowledge of a prior pattern of similar incidents and circumstances under which the supervisor's actions or inaction could be found to have communicated a message of approval to the offending subordinate." *Id.* at 127 (citing *Bonenberger v. Plymouth Township*, 132 F.3d 20, 25 (3d Cir. 1997). "Failure to adequately screen or train municipal employees can ordinarily be considered deliberate indifference only where the failure has caused a pattern of violations." *Berg v. County of Allegheny*, 219 F.3d 261, 276 (3d Cir. 2000). Furthermore, liability under § 1983 pursuant to *Monell* is not attributable to a municipality in the absence of a finding that a municipal employee has caused a constitutional injury to a plaintiff. *Williams v. Borough of West Chester, Pa.*, 891 F.2d 458, 467 (3d Cir. 1989).

Plaintiff has produced no evidence that the conduct of which she describes (i.e., issuing citations in collusion with motorists to prevent said motorist's insurance rates from increasing) was the policy or custom of the Borough of Economy. Plaintiff points to Officer Lively's testimony to suggest that the practice may have been his policy, but the Court finds that Officer Lively is not a policymaker for the municipality. Chief Harrington's decision to allow the prosecution to proceed on the citation neither rises to the level of approval, thereby creating an unwritten policy, nor reflects a deliberate indifference to Plaintiff's rights, because, for aught that appears, Chief Harrington was not even aware of the conversation between Officer Lively and Jablonowski.[9] Further, the Court

---

[9] Plaintiff's letter of June 28, 2005 to Chief Harrington regarding her encounter with Officer Lively after the accident makes no mention of the alleged conversation between Officer Lively and

finds that it is not reasonable, much less feasible, for the Chief of Police to investigate the factual background giving rise to each and every traffic citation issued by the Borough of Economy Police Department. Plaintiff has offered no evidence showing a pattern of this type of violation by Defendant Economy (or the Economy Police Department). Finally, because the Court finds that Officer Lively did not violate any of Plaintiff's constitutional rights, Economy cannot be vicariously liable on Plaintiff's claims.

4. Conspiracy claim

Plaintiff's § 1983 conspiracy claim is insufficient as a matter of law for two reasons.

First, even viewing all facts in the light most favorable to Plaintiff and drawing all reasonable inferences therefrom, Plaintiff fails to present evidence that a conspiracy existed here. "Central to any conspiracy claim are specific factual allegations that 'there was a mutual understanding among the conspirators to take actions toward an unconstitutional end.' " *Mash v. Township of Haverford*, 2007 WL 2254417, at *11 (E.D. Pa. Aug. 3, 2007) (quoting *Lamb Found. v. N. Wales Borough*, No. 01-950, 2001 U.S. Dist. LEXIS 18797, at *47 (E.D. Pa. Nov. 16, 2001) (citation omitted). Plaintiff's conspiracy claim, in addition to her own bare assertion that the conspiracy existed, is supported solely by the testimony of Officer Lively and Jablonowski that a discussion about insurance rates and a discussion about Jablonowski's availability and willingness to testify took place at about the same time as a discussion about Lively issuing Plaintiff a citation. This evidence is insufficient to establish the existence of an agreement to violate Plaintiff's civil rights.

---

Jablonowski. (Pl.'s Exhs., at 3). Rather, the letter describes her distrust of the police and details some type of relational scheme between a police officer against whom she filed charges, a police officer who was a witness at that trial, and the Chief of Police of the witness police officer's department, who happens to be Officer Lively's father. Plaintiff then invites Chief Harrington to "connect the dots."

Second, and fundamentally fatal to her claim, Plaintiff's conspiracy claim fails because the Court finds no underlying violation of Plaintiff's constitutional rights. "Section 1983 does not create a cause of action for conspiracy to deprive a person of their constitutional rights without an actual deprivation of rights protected by the statute." *Gravely v. Speranza*, 408 F.Supp.2d 185, 191 (D. N.J. 2006) (citing *PBA Local No. 38 v. Woodbridge Police Dep't.*, 832 F.Supp. 808, 832 n.23 (D. N.J. 1993); *DeFeo v. Sill*, 810 F.Supp. 648, 658 (E.D. Pa. 1993)).

## CONCLUSION

Based on the foregoing, Defendants' Motion for Summary Judgment [DE 39] is granted. An appropriate Order to follow.

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date: March 5, 2008

cc/ecf: All counsel of record